IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                        NO. 28,300

JOEL COURTNEY,

    Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals the denial of his motion to withdraw a plea of guilty to first-degree Kidnapping and second-degree Criminal Sexual Penetration. We proposed to affirm in a calendar notice, and Defendant has responded with a memorandum in opposition. We are not persuaded by Defendant's arguments, and therefore we affirm.

In our calendar notice, we noted that Defendant refused to cooperate for purposes of the court-ordered forensic evaluation, but Defendant was eventually found to be competent. [RP 123; 143] The district court found, "Defendant's lack of communication with [his] counsel is not the result of . . . Defendant being incompetent." [RP 143] We also noted that the plea agreement states that Defendant's counsel explained the agreement to Defendant in detail, Defendant agreed that he understood the agreement and the rights he was giving up by signing the agreement, and the district court accepted the agreement between Defendant and the State. [RP 168-72]

Defendant unsuccessfully filed a motion to withdraw his plea. The motion was sealed in the district court, and not made part of the record on appeal. Defendant claims that, in his motion, he argued that he was coerced into entering a guilty plea based on the media coverage of the crimes, his inability to communicate with trial counsel, and his paranoia about trial counsel's representation based on the fact that trial counsel lived and worked near the area where the crimes took place. As we stated in our calendar notice, the grant or denial of a motion to withdraw a plea is within the discretion of the district court, and the denial of such a motion amounts to error when the "undisputed facts establish that the plea was not knowingly and

voluntarily given." *State v. Hunter*, 2006-NMSC-043, ¶ 11, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted).

**Media Coverage**

As discussed in our calendar notice, there may be prejudice as a result of media coverage, but only in extreme cases such as when a community is saturated with inflammatory and biased information near the time of trial. *See*, *e.g.*, *State v. House*, 1999-NMSC-014, ¶ 58, 127 N.M. 151, 978 P.2d 967. In this case, the jury panel was questioned about the media coverage in order to ensure that prospective jurors had not been exposed to reports by the media. In addition, Defendant did not provide specific details as to how he was prejudiced by media coverage. In his memorandum in opposition, Defendant claims that he was "coerced" into pleading guilty due to his mental problems and because he "feared the media coverage would be seen by his children's classmates," [MIO 2] because it was mentioned in the reports that Defendant was wanted in Oregon in connection with the murder of a college student, and because the media "hinted" that Defendant was a serial rapist and murderer. [MIO 2]

Again, Defendant makes only general allegations that the coverage was prejudicial to his case because of his fear that classmates would see the reports, and

his claim that the media "hinted" that he was a murderer and rapist. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Defendant does not provide anything other than assertions of prejudice. In addition, the district court found that Defendant made "intentional attempts to delay the trial," and was "malingering to feign mental illness." [MIO 3] We reject Defendant's claim that the media coverage prejudiced him by "coercing" him to plead guilty to the charges.

**Inability to Communicate With Trial Counsel**

As discussed in our calendar notice, the trial court, and medical doctors who examined Defendant, determined that Defendant's inability to communicate with his counsel was caused by Defendant's repeated attempts to delay trial and the fact that he was malingering "to feign mental illness." Defendant claimed that a later evaluation demonstrated that he "had real issues that affected his ability to communicate" with counsel. [DS 4] However, the district court was free to reject that argument. We find no abuse of discretion by the district court in determining that Defendant's plea of guilty was not involuntarily or unknowingly entered due to mental health issues or an inability to communicate with trial counsel.

**Paranoia About Trial Counsel's Representation**

4

Defendant continues to claim that he was paranoid because of his counsel's close proximity to the scene of the alleged crimes and, as a result, he involuntarily entered a plea of guilty. As we pointed out in the calendar notice, Defendant was aware that his counsel lived and worked near the scene of the crimes from "early on in" counsel's representation of Defendant. Trial counsel's representation of Defendant began on May 19, 2006, and Defendant did not enter his plea of guilty until September 11, 2007. Therefore, the information was not new to Defendant at the time he moved to withdraw his plea. Although he was aware for almost sixteen months of trial counsel's close proximity to the scene, Defendant did not inform trial counsel about his concerns, and he said nothing about his concerns at the time he entered his plea. *See In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider . . . matters not of record[.]"). We hold that the trial court did not abuse its discretion in rejecting Defendant's argument that his paranoia about trial counsel caused him to involuntarily enter into a plea.

We acknowledge that appellate counsel refers to several propositions of law in the memorandum in opposition, including legal propositions with regard to ineffective assistance of counsel, and failure to inform a defendant about the consequences and penalties of a plea of guilty. [MIO 5-8] However, appellate counsel does not provide

any facts pertaining to this case which would be applicable to those legal propositions. Therefore, we do not address those claims.

**CONCLUSION**

For the reasons discussed in this opinion and in our calendar notice, we hold that the district court did not abuse its discretion when it denied Defendant's motion to withdraw his guilty plea.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**