**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOSE GARCIA,**

  Plaintiff-Appellant,

v.                                                              **NO.   29,449**

**GUADALUPE COUNTY**
**CORRECTIONAL FACILITY,**

  Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Abigail Aragon, District Judge**

Jose Garcia
Hobbs, NM

Pro Se Appellant

Yenson, Lynn, Allen & Wosick, P.C.
Patrick D. Allen
Albuquerque, NM

for Appellee


**MEMORANDUM OPINION**

**VIGIL, Judge.**

  Plaintiff appeals pro se from the district court order granting summary judgment in favor of Defendant based on Plaintiff's failure to exhaust the internal grievance procedures of the New Mexico Department of Corrections.  On appeal, Plaintiff

requests that this Court reverse the district court decision and remand so the case may proceed to trial. This Court issued a calendar notice proposing to affirm. Plaintiff has responded by filing a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm. To the extent Plaintiff attempts to raise new arguments in his memorandum in opposition, we treat this as a motion to amend the docketing statement and deny Plaintiff's motion.

The district court granted summary judgment against Plaintiff, concluding that Plaintiff's claims were barred for failure to exhaust his administrative remedies. On appeal, Plaintiff argued that exhaustion of his administrative remedies was futile because (1) he lacked the mental competence to understand the complex grievance procedures, (2) the Prison Litigation Reform Act (PLRA) did not require full exhaustion of his remedies, and (3) the PLRA and NMSA 1978, Section 33-2-11(1990) did not apply to him because he was not a convicted criminal. This Court addressed each of these arguments in its notice of proposed disposition and proposed to hold that: (1) Plaintiff had provided no authority for the proposition that his inability to understand the grievance procedures made his exhaustion of the administrative process futile, (2) the precedent Plaintiff had relied on to support his argument that the PLRA did not require full exhaustion was inapplicable to the facts of this case, and (3) the plain language of the PLRA and Section 33-2-11 indicate that

the legislation applies to Plaintiff and Plaintiff had not cited any authority to indicate otherwise. In his memorandum in opposition, Plaintiff has not provided any authority to support his arguments and has not pointed out any errors in fact or in law that would cause this Court to reconsider its proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

To the extent Plaintiff is attempting to procure copies of reports from the New Mexico Forensics Hospital in Las Vegas, New Mexico to demonstrate that he could not understand the grievance procedures, this information is irrelevant in the absence of legal authority providing that a lack of understanding renders the exhaustion of grievance procedures futile. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (observing that the appellate court will not consider propositions unsupported by citation to authority). Hospital reports are not legal authority for that proposition. Moreover, this Court will not consider documents that are not part of the record on appeal. *See In re Aaron L.,* 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431.

Plaintiff contends in his memorandum in opposition that a hearing should be held and witnesses compelled to testify to provide support for Plaintiff's allegations.

Specifically, Plaintiff contends that a psychologist who interviewed him during intake at the Guadalupe County Correction Facility told him he could not file a grievance because Plaintiff was not a Guadalupe County prisoner; that a correctional officer told Plaintiff that it would do no good for Plaintiff to file a grievance because he was not entitled to the procedure; and that he tried to use the administrative remedies in an attempt to have his complaints heard but was told by these administrators or their agents and representatives that he did not have administrative recourse. [MIO 1-2] To the extent that Plaintiff has shifted from arguing that he did not understand the grievance procedures to arguing that he was specifically told that the grievance procedures did not apply to him, we consider Plaintiff's new argument as a motion to amend his docketing statement. For the reasons discussed below, Plaintiff's motion to amend his docketing statement and argument offered in support thereof are not viable. We therefore deny Defendant's motion. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying a motion to amend the docketing statement when the argument offered in support thereof is not viable).

This Court will only consider those arguments that were properly raised and developed below. We will not consider arguments or evidence for the first time on appeal. *See Campos Enters., Inc. v. Edwin K. Williams & Co.,* 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 ("This Court 'review[s] the case litigated below, not

4

the case that is fleshed out for the first time on appeal.'" (alteration in original)); *State v. Reynolds,* 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review."). Below, Plaintiff alleged in his reply to Defendant's answer that exhaustion of his administrative remedies was not required because he was being held as a county prisoner and was not given access to normal facility services such as the grievance procedure. [RP 24] While on appeal Plaintiff has identified specific people that he alleges informed him that he could not file a grievance [MIO 1-2], below Plaintiff never presented this information or attempted to introduce evidence of these facts. In Plaintiff's response to Defendant's motion for summary judgment, Plaintiff does not mention that any member of the corrections department informed him he did not have a right to file a grievance. Instead, Plaintiff argued that, due to issues relating to his competency, he did not understand the grievance procedures and, thus, "it can be understood by a person of common sense that the Plaintiff would not think to filing [sic] a grievance as complicated as [the county's grievance procedure]." [RP 56] Although Plaintiff has now, in his memorandum in opposition, provided information that might support his allegation that the grievance procedure was unavailable to him, as we noted above, Plaintiff cannot raise this issue or attempt to support the allegation for the first time on appeal. *See Newsome v. Farer,* 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (holding that

pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar"). We therefore deny Plaintiff's motion to amend.

For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**