This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STEVEN STONE, an individual, d/b/a STONE PLUMBING,**

Plaintiff-Appellant,

v.                                                           **NO. 30,085**

**WILEY MUNSEY, an individual, d/b/a MUNSEY CONSTRUCTION, LLC,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Steven R. Stone
Cloudcroft, NM

Pro Se Appellant

Adam D. Rafkin
Ruidoso, NM

for Appellee

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Plaintiff, pro se, appeals from the district court's order granting Defendant's motion for summary judgment and motion for Rule 1-011 NMRA sanctions. We issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice with a memorandum in opposition, an affidavit, a motion to amend the docketing statement, and an amended docketing statement. We have considered Plaintiff's arguments, and remain unpersuaded. We, therefore, deny the motion to amend and affirm.

It is not clear whether the motion to amend the docketing statement and the amended docketing statement seek to add an issue to the original docketing statement, which is the proper purpose for such a motion. Rather, in these documents, Plaintiff articulates his appellate issue differently, acknowledging, based on our proposed analysis, that the district court's ruling and Plaintiff's appellate issues are grounded, not in principles of res judicata, but in contract law. To the extent that the documents raise new matters, they complain that the district court did not permit Plaintiff to attach an affidavit to his response to Defendant's second motion for summary judgment. [Motion 1] Plaintiff attached the affidavit to the documents filed here. It is improper to attach materials to documents filed in this Court where the materials were not part of the record below, and we will not consider them. *See In re Aaron L.,* 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431; *Jemko, Inc. v. Liaghat,* 106

N.M. 50, 54, 738 P.2d 922, 927 (Ct. App. 1987). To the extent that Plaintiff seeks to add to his appellate issue an argument that the district court erred by preventing Plaintiff from admitting the affidavit, we deny the motion to amend.

In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Plaintiff's motion to amend and the amended docketing statement satisfy none of the requirements set forth above. The motion was not timely filed, because it was not filed within the extended time we granted for filing the memorandum in opposition. *See Rael*, 100 N.M. at 195, 668 P.2d at 311. Plaintiff does not state all the facts material to whether the district court erred by preventing Plaintiff from

submitting the affidavit. For instance, he does not explain how the district court prevented him from doing so, or the arguments he presented in support of submitting the affidavit, or Defendant's arguments against it, or the grounds for the district court's ruling. Lastly, Plaintiff does not state how the matter was properly preserved. For these reasons, we deny the motion to amend the docketing statement to the extent that Plaintiff seeks review of the district court's refusal to consider the affidavit, and we do not consider the content of the affidavit. We have considered the content of the amended docketing statement to the extent that it reiterates Plaintiff's appellate arguments, and we examine the merits below.

On appeal, Plaintiff challenges the district court's order granting summary judgment and awarding sanctions, arguing that he was not given a full and fair opportunity to litigate the merits of his case. [DS 4] In the docketing statment, Plaintiff framed the issue as one of res judicata and collateral estoppel. [DS 4-6] He argued that the district court should not have precluded him from litigating against Defendant, because the parties in the two actions are different, the amount of damages alleged in the two actions were different, the claims were different in nature and did not arise out of the same transaction, the claims were initiated at different times, and the other action was settled before trial. [DS 4-5]

Our notice clarified that this matter is governed, not by principles of res judicata or collateral estoppel, but by contract law. *See Branch v. Chamisa Dev. Corp.*, 2009-NMCA-131, ¶ 33, 147 N.M. 397, 223 P.3d 942 ("A settlement agreement is a species of contract." (alterations omitted) (internal quotation marks and citation omitted)), *cert. denied*, 2009-NMCERT-011, ___ N.M. ___, ___ P.3d ___ (No. 31,987, Nov. 4, 2009); *Hansen v. Ford Motor Co.*, 120 N.M. 203, 206, 900 P.2d 952, 955 (1995) (observing that releases are generally interpreted using contract law). We explained that the district court was not enforcing a court judgment against Plaintiff from a previous action. It was enforcing a settlement agreement between Plaintiff and Mr. Sutton, relating to the work Plaintiff and Defendant had done for Mr. Sutton. [RP 328] Plaintiff's inability to fully litigate the merits of this case against Defendant was not the result of a full and fair litigation of the issues, but an agreement not to litigate against Defendant.

As the burden rests with the movant for summary judgment, the burden is also on the third-party beneficiary of a contract to show that he or she was intended by the makers of the agreement to benefit from the agreement. *See Hansen*, 120 N.M. at 206, 900 P.2d at 955; *see also Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) ("The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the

5

burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." (citation omitted)).

"A prospective third-party beneficiary may prove the intent of the parties to an agreement by relying on the unambiguous language of the agreement itself or, in the absence of such language, on extrinsic evidence such as the circumstances surrounding the execution of the agreement[.]" *Hansen*, 120 N.M. at 205, 900 P.2d at 954 (citation omitted). Our notice proposed to hold that the plain language of the release is unambiguous. "When a contract or agreement is unambiguous, we interpret the meaning of the document and the intent of the parties according to the clear language of the document, and we enforce the contract or agreement as written." *Espinosa v. United of Omaha Life Ins. Co.*, 2006-NMCA-075, ¶ 26, 139 N.M. 691, 137 P.3d 631.

In his memorandum in opposition, Plaintiff asserts that the intent of the parties was to release Mr. Sutton, not Defendant, and complains that Defendant relies on boilerplate language in the agreement and no evidence. [MIO 2-3] Plaintiff also complains that the district court did not consider the conduct and practice of the parties in construing the settlement agreement to arrive at the intent of the parties. [MIO 3] A court is not obligated to do so, however, where there is a clear and broad release that is subject to only one interpretation. *See Branch*, 2009-NMCA-131, ¶ 34.

6

Under those circumstances, "a court may decide the meaning of those terms as a matter of law." *C.R. Anthony Co. v. Loretto Mall Partners*, 112 N.M. 504, 509-10, 817 P.2d 238, 243-44 (1991). Also, we note that Plaintiff has not explained what specific facts beyond the language of the release the district court should have considered and how they would have changed the result.

Most importantly, Plaintiff does not explain why he believes the language is ambiguous or otherwise subject to another interpretation, and what arguments he made in this regard to the district court. We do not agree that the relevant language in the release is boilerplate and requires clarification. The release states that in exchange for Mr. Sutton's payment to Plaintiff, Plaintiff releases Mr. Sutton and his agents and employees from any claims, actions or liabilities that Plaintiff has or has held against Mr. Sutton arising out of the two cases listed. [RP 328] One of the cases listed names Defendant, which, the record indicates, involves the same complaint Plaintiff filed against Defendant in the current action. [RP 328, 371] There is no indication that Plaintiff has claims against Defendant for anything outside of Plaintiff's and Defendant's contracted work on Mr. Sutton's home. The district court found that Mr. Sutton had a contingent obligation for anything Defendant might be found responsible, and that Plaintiff should have known that he had no claim against Defendant after entering the settlement agreement. [RP 380] Plaintiff has not

7

explained specifically why this is an erroneous assessment. We see no reason why the release is anything other than a clear and unambiguous expression of the intent of the parties to release Defendant from Plaintiff's current claims. [RP 328, 380]

For these reasons and those stated in our notice, we affirm the district court's order granting summary judgment in favor of Defendant and awarding sanctions.

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

**MICHAEL D. BUSTAMANTE, Judge**

**CELIA FOY CASTILLO, Judge**

8