2000-NMCA-024

996 P.2d 431

**In the Matter of AARON L., Child–Appellant.**

**No. 20,254.**

Court of Appeals of New Mexico.

Feb. 25, 2000.

Patricia A. Madrid, Attorney General, Steven S. Suttle, Assistant Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Lisabeth L. Occhialino, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

PICKARD, Chief Judge.

{1} Child appeals the decision of the children's court committing him to the New Mexico Boys' School for an indeterminate period not to exceed two years after he admitted violating the terms of his probation at a probation revocation hearing. On appeal, Child argues the trial court's decision should be reversed on two grounds: (1) the trial court violated his fundamental right to due process at the revocation hearing by failing to follow the mandatory procedures set forth in the Children's Code and (2) his trial attorney provided ineffective assistance of counsel by not objecting to the trial court's failure to follow the procedures set forth in the Children's Code. Child argues that if we remand his case, a different judge should be assigned to it because the judge's actions demonstrate bias against Child.

{2} The State claims we lack jurisdiction to review the issues presented by Child's appeal because he failed to preserve them at the trial court level. On the merits, the State argues Child was not entitled to receive the same formal inquiries at his revocation hearing that he was entitled to receive at his delinquency proceeding. Alternatively, the State claims Child was not prejudiced by the trial court's failure to provide him with formal inquiries at his revocation hearing.

{3} In our view, Child's failure to preserve error below is not fatal because the first issue presented in his brief in chief implicates his right, as a juvenile probationer, to receive a certain minimal level of procedural due process at the revocation hearing. On the merits, we reverse the trial court's decision because its failure to follow the mandatory procedures set forth in the Children's Code raises significant issues of whether Child's admission was supported by an adequate factual basis and whether Child's admission was knowing, intelligent, and voluntary. Due to our holding, we do not address the issue of whether Child's trial attorney provided effective assistance of counsel. We remand Child's case to the same judge for further proceedings consistent with this opinion.

## BACKGROUND

{4} In April 1998, the State filed a delinquency petition after Child was charged with possessing drug paraphernalia and causing criminal damage to property. One month later, Child entered an admission to the drug

paraphernalia charge at his first appearance. Child was subsequently found guilty of the property damage charge at an adjudicatory hearing held before a special master.

{5} In July 1998, Child appeared before the trial court for a dispositional hearing. Child's juvenile probation officer (JPO) recommended that Child be placed on two years' probation and pay restitution for the property damage he had caused. The trial court accepted the JPO's recommendations. In doing so, the trial court told Child that if he was called before the court again, he would be sent to the Boys' School. When asked if he understood the admonition, Child responded that he did.

{6} In November 1998, the State petitioned to revoke Child's probation after he was allegedly expelled from school for the duration of the school year. The State's petition claimed Child's expulsion from school violated the probation condition that Child "attend school with no unexcused absences in each and every class." As a result of the State's petition, Child appeared before the trial court the following month for a revocation hearing.

{7} In December 1998, at the revocation hearing, the trial court began the hearing by asking the parties if they had any comments they wanted to make. Child's defense counsel indicated that he did, stating that Child admitted to the charge in the State's petition that he had been expelled from school. After describing the JPO's recommendation that Child go back to school and begin reporting to the JPO, defense counsel advised the court that Child had successfully appealed his expulsion at the administrative level. Defense counsel informed the court that, as a result of appeal, Child was going to be allowed back into school when the school year commenced the following calendar year, January 1999. The JPO further explained that his recommendation was for a weekend in detention, in addition to the school and reporting requirements.

{8} In response to defense counsel's statement, the trial court observed that Child had been informed at his delinquency hearing that if he came before the court again, he was going to be committed to the Boys' School. The trial court asked Child if he remembered that statement at the delinquency hearing. Child responded that he did. The trial court then proceeded to commit Child to the Boys' School for an indeterminate period not to exceed two years.

{9} In the trial court's judgment and disposition, the court formally committed Child to the Boys' School for two years. According to the judgment and disposition, Child had freely and knowingly admitted to the charge contained in the State's petition only after "being fully advised of his constitutional and statutory rights." The record wholly fails to support the trial court's recital that Child was advised of any rights under the Children's Code, the State Constitution, or the federal constitution at any time during the revocation hearing.

## DISCUSSION
## I. JURISDICTION

■ {10} The State claims we lack jurisdiction to review Child's appellate issues because he failed to preserve them at the trial court level. The State correctly recites the general rule regarding preservation of error. *See* Rule 12–216(A) NMRA 2000 ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked...."). However, as an exception to the general rule, we may address propositions not raised in the trial court in order to protect an appellant's fundamental rights. *See* Rule 12–216(B) ("This [preservation] rule shall not preclude the appellate court from considering ... questions involving ... fundamental error or fundamental rights of a party.").

■ {11} In this appeal, Child correctly asserts that as a juvenile probationer, he had a constitutionally protected liberty interest in his probationary status. *See State v. Tony G.*, 121 N.M. 186, 188, 909 P.2d 746, 748 (Ct.App.1995). Before Child's probation could properly be revoked, he was therefore entitled to certain minimal protections afforded by procedural due process. *See id.* Child claims the trial court violated his fundamental right to due process by failing, among other things, to ensure that there was an adequate factual basis to support his ad-

mission and that his admission was intelligent and voluntary with knowledge of rights. *See State ex rel. Children, Youth & Families Dep't v. Stella P.*, 1999–NMCA–100, ¶¶ 11–12, 21, 127 N.M. 699, 986 P.2d 495 (ruling that minimum consideration of due process required court to inquire on the record whether mother waived certain due process rights and failure to do so was fundamental error); *State ex rel. Children, Youth & Families Dep't v. Lilli L.*, 121 N.M. 376, 379–82, 911 P.2d 884, 887–90 (Ct.App.1995) (concluding that court's failure to personally ascertain from mother whether her admission was knowing and voluntary violated due process). Because Child's appeal raises questions in this case similar to those raised in *Stella P.* and *Lilli L.*, and because we are concerned that the judgment and disposition contain recitals that are in no way supported by the transcript of the revocation hearing, we address the merits of this appeal.

## II. DUE PROCESS

{12} Child claims the trial court violated his fundamental right to due process on four grounds: (1) failure to advise him of his rights at his first appearance; (2) failure to make a record establishing that his admission was knowing, voluntary, and intelligent; (3) failure to afford him his right to allocute before proceeding to disposition; and (4) failure to remain impartial and unbiased. We consolidate for review the first and second issues listed above as both claims concern the issue of whether the trial court could have properly relied on Child's admission to revoke his probation. Upon reviewing these issues together, we conclude the trial court violated Child's right to due process. This conclusion is dispositive of Child's appeal and so we refrain from reviewing the third and fourth issues listed above except as necessary to address procedure on remand.

### A. *Child's Arguments*

{13} Child claims the trial court's decision to commit him to the Boys' School must be reversed because it was improperly predicated upon his invalidly entered admission. Child argues his admission was invalidly entered because the trial court failed to follow several mandatory procedures set forth in the Children's Code. In particular, Child claims the trial court violated his fundamental right to due process when it failed to explain to him the consequences of the allegations against him; make a record establishing his admission was voluntary, intelligent, and knowing; and ensure his admission was supported by an adequate factual basis. *See* Rule 10–209B NMRA 2000; Rule 10–210 NMRA 2000; Rule 10–224 NMRA 1999. (Rules 10–224 and 10–232 discussed in this opinion were amended effective August 1, 1999, after the December 1998 revocation hearing.) We agree with Child that the trial court's failure to follow the mandatory procedures set forth in Rule 10–224 rendered his admission invalid.

{14} Under Rule 10–224(C), the trial court lacked the authority to accept Child's admission without first addressing Child personally in open court in order to determine that:

(1) he understands the charges against him;

(2) he understands the dispositions authorized by the Children's Code for the offense;

(3) he understands that he has the right to deny the allegations in the petition and have a trial on the allegations;

(4) he understands that if he makes an admission ... he is waiving the right to a trial; and

(5) the admission [is] voluntary and not the result of force or threats or of promises. . . .

Although Rule 10–224 specifically refers to delinquency hearings, its provisions are made applicable to probation revocation hearings by NMSA 1978, § 32A–2–24 (1993). Section 32A–2–24(B) states in relevant part that "proceedings to revoke probation shall be governed by the procedures, rights and duties applicable to proceedings on a delinquency petition." *See also* Rule 10–232(A) NMRA 1999 ("[T]he respondent whose probation is sought to be revoked shall be entitled to all rights that a respondent alleged to be delinquent ... is entitled to under law and these rules. . . .").

{15} In the case at bar, the record indicates the judge failed to ask Child a single question contemplated by Rule 10–224(C). Instead, the record reveals that after Child's defense counsel entered Child's admission, the trial court limited its line of inquiry to whether Child remembered what the court had said five months earlier at his delinquency hearing. When Child indicated that he did, the trial court immediately proceeded to sentence.

{16} In our view, the trial court had an affirmative duty under Rule 10–224(C) to ascertain whether Child's admission was supported by an adequate factual basis and whether Child's admission was knowing, intelligent, and voluntary. *See* Rule 10–224(C) committee commentary ("The determination is required in cases involving either a consent decree or an admission. The original committee believed that such an inquiry is constitutionally mandated."); *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (ruling that trial court cannot accept a guilty plea without affirmatively establishing on the record the validity of such a plea); *State v. Garcia,* 121 N.M. 544, 547, 915 P.2d 300, 303 (1996) (noting that adult counterpart on guilty pleas codifies the rule set forth in *Boykin*). The trial court's failure to fulfill its affirmative duties under Rule 10–224(C) invalidates Child's admission. *See Garcia,* 121 N.M. at 548, 915 P.2d at 304 (court's partial compliance with Rule 5–303 was insufficient and rendered plea invalid where court failed to ascertain if defendant understood the nature of the charge and possible range of penalties); *Lilli L.,* 121 N.M. at 379–82, 911 P.2d at 887–90 (concluding that court's failure to ascertain whether mother's admission was knowing and voluntary violated due process and thus invalidated admission).

### B. *State's Counter–Arguments*

#### 1. *Rule 10–224*

{17} The State concedes that in the children's court context, probation revocation hearings are generally supposed to be conducted like delinquency hearings. The State argues, however, that Child was not entitled to receive the same instructions set forth in Rule 10–224(C) because it is not apparent just how those instructions can be applied to revocation hearings. The thrust of the State's argument appears to be that if Child was not entitled to all of the protections afforded by Rule 10–224(C), then it becomes less likely that he suffered prejudice as a result of the trial court's failure to ask him any probative questions at the revocation hearing. We will address each one of the State's claims in the order that they appear in Rule 10–224(C).

{18} First, the State claims the requirements set forth in Rule 10–224(C)(1) and (2) do not transfer smoothly from delinquency proceedings to probation revocations because "the child has already been formally advised both of the charge against him, [10–224(C)(1) ], and of the potential disposition, [10–224(C)(2) ]." According to the State these inquiries are redundant and consequently meaningless at a revocation hearing. We disagree.

{19} Rule 10–232(A)(3) explains how Rule 10–224(C)(1) applies to probation revocations. In particular, Rule 10–232(A)(3) states that the petition "shall state the terms of probation alleged to have been violated and the factual basis for these allegations." The clear import of this language is that the "charge" contemplated in the delinquency proceeding is replaced with the "probation violation" contemplated in the revocation hearing.

{20} Rule 10–232(B) explains Rule 10–224(C)(2) should apply to probation revocations. In revocation hearings, the children's court has the authority to "make any other disposition which would have been appropriate in the [delinquency] proceedings" if it finds that the juvenile has violated the terms of probation. *See* Rule 10–232(B). A juvenile faces a full two-year commitment from the date of disposition on the probation revocation irrespective of the disposition at the delinquency hearing. It is therefore not redundant for the children's court to inform a juvenile of the range of possibilities at a revocation hearing because the potential disposition at such a hearing can vary signifi-

cantly from the disposition entered at the delinquency proceeding.

{21} Second, the State claims the requirements set forth in Rule 10–224(C)(3) and (4) do not transfer smoothly from delinquency proceedings to probation revocations because a "juvenile probationer . . . is not entitled to a trial on a petition to revoke probation." In support of its argument, the State relies on *In re Lucio F.T.*, 119 N.M. 76, 77–80, 888 P.2d 958, 959–962 (Ct.App.1994). We find nothing in *In re Lucio F.T.* that stands for the stated proposition. Moreover, if *In re Lucio F.T.* did stand for such a proposition, it would be at odds with Rule 10–232(A)(2), which contemplates a hearing on the petition. *See* Rule 10–232(A)(2) ("[T]he hearing on the petition shall be to the court without a jury . . . ."). In probation revocation proceedings, the right to a trial may be construed to be the right to a hearing, and the children's court can easily, and should, inform a juvenile of this right.

{22} Finally, the State claims Rule 10–224(C)(5) cannot apply to revocation hearings because it applies only to consent decrees. The State's argument is meritless in view of the fact that Paragraph (C)(5) explicitly applies to both admissions and consent decrees. *See* Rule 10–224(C)(5) ("[T]he admission *or* provisions of the consent decree are voluntary and not the result of force or threats or of promises . . . ." (Emphasis added.))

### 2. *Boykin Requirements*

{23} The State next argues the requirements for accepting guilty pleas mandated by *Boykin* and *Garcia* do not apply to Child's appeal because those cases were not decided in the probation revocation context. The thrust of the State's argument appears to be that Child did not have a "due process right to *Boykin* warnings at [his] probation revocation hearing."

{24} The State's argument is misplaced. As stated above, the Children's Code and the Children's Rules both mandate that juveniles be afforded the same rights and procedures in revocation proceedings that they are afforded in delinquency proceedings. This mandate explains why the State cannot rely on the cases cited in its answer brief, which involve adult revocation proceedings, to support its claim that the inquiries required by *Boykin* and *Garcia* are inapplicable to juvenile revocation hearings. Child did have a right based on New Mexico law to receive *Boykin*-type warnings at his revocation hearing, warnings that he did not receive.

### 3. *Prejudicial Error*

{25} Finally, the State argues that notwithstanding the trial court's failure to follow the mandatory procedures set forth in the Children's Code and its corresponding failure to give *Boykin*-type warnings. Child's commitment should not be overturned because he was not prejudiced therefrom. We reject this argument on the ground that an admission is invalid when a children's court fails to ascertain on the record the minimum requirements that the child's admission was knowing and voluntary and that the child understood the nature of the charge and possible range of penalties. *See Boykin*, 395 U.S. at 242, 89 S.Ct. 1709; *Garcia*, 121 N.M. at 547, 915 P.2d at 303; *Lilli L.*, 121 N.M. at 379–81, 911 P.2d at 887–89. We hold that the trial court's failure to faithfully follow the procedures outlined herein constitutes fundamental error.

{26} In addition, as in *Lilli L.* and *Stella P.*, we harbor serious doubts about whether Child would have made his admission to the violation charged in the petition (expulsion from school for the entire year) had the trial court interrogated him prior thereto in the manner required by the children's court rules and statutes. The record reflects that at the time Child's attorney made his admission to the allegations of the petition, he knew that the allegations were not entirely true. The record also reflects that the JPO, whose recommendations had earlier been followed in this case, was recommending a disposition considerably more lenient than two years in the Boys' School. Thus, there is a real possibility of actual prejudice in this case that could have been avoided had the trial court followed the letter and spirit of the rules requiring an on-record inquiry about what the accused knows and

thinks he is doing by entering an admission or plea.

{27} In expressing these doubts, we have not relied on a footnote in Child's brief referring to matters not of record, which the State moved to strike by separate motion filed during the briefing process. This Court will not consider and counsel should not refer to matters not of record in their briefs. *See State v. Cumpton*, 2000 NMCA ——, ¶ 20, —— N.M. ——, 1 P.3d 429, 2000 WL 419697 [No. 20,216 (N.M.Ct.App. Feb. 8, 2000)]; *Sosa v. Empire Roofing Co.*, 110 N.M. 614, 618, 798 P.2d 215, 219 (Ct.App.1990). Rather than moving to strike, however, it would be preferable from the standpoint of both judicial and litigant economy to simply address the inappropriate reliance on matters not of record in the briefing addressed to the merits.

## III. REMAND

{28} Child claims that on remand, he should have a new children's court judge because the judge is predisposed against him. Child's claim is based on his concern that the judge remembered his statement to Child at the original disposition that Child would be committed to the Boys' School if Child appeared before the judge again. We do not believe it is necessary to remand the case to a different children's court judge in response to this concern. The judge was well within his authority to commit Child to the Boys' School on the ground that Child was suspended from school inasmuch as any unexcused failure to attend school was a clear violation of the terms of Child's probation. Child fails to cite any case law, and we have not found any, in which the enforcement of sentencing judge's earlier threat to punish a probationer in a particular way for a probation violation has been deemed error or a reflection of bias and prejudice. Accordingly, on remand, this case may be heard by the same judge.

## CONCLUSION

{29} For the reasons stated, we reverse and remand with instruction to hold a new hearing on the petition to revoke probation.

{30} **IT IS SO ORDERED.**

BOSSON and SUTIN, JJ., concur.