This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                     **NO. 29,408**

**JOSEPH APODACA,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Farhan Khan, Assistant Attorney General
Santa Fe, NM

for Appellee

Law Office of Craig C. Kling
Craig C. Kling
San Diego, CA

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

     Defendant appeals his conviction for aggravated battery against a household

member contrary to NMSA 1978, Section 30-3-16(C) (2008).  On appeal, Defendant claims:  (1) the prosecutor engaged in misconduct during closing argument; (2) he was denied effective assistance of counsel; (3) the district court erred by not removing the prosecutor from the case; and (4) the trial court erred by admitting hearsay testimony from Victim's mother.  As discussed in this opinion, we affirm Defendant's conviction.

**FACTUAL BACKGROUND**

Defendant was charged with aggravated battery against his girlfriend (Victim). On August 23, 2007, Victim's mother (Juanita) was at work when she received a call from Victim.  According to Juanita, Victim was upset and had been crying.  Victim told her mother that she and Defendant had a fight, Defendant had choked her until she passed out, and when she awoke she fled her home.  When Juanita went to meet Victim, she saw that Victim was upset and crying, was nervous and scared, and had red marks on her neck.  Juanita called police, and Officer Crow responded to the call. Officer Crow testified that Victim had visible signs of injury on her neck, including reddish-blue marks that were linear in nature and consistent with strangulation. Victim told Officer Crow about the events that led to her injuries.  The State issued three subpoenas commanding Victim's presence at trial, but she did not appear on the day of trial.  Consequently, the district court allowed Victim's mother to testify about

statements Victim made to her based on the excited utterance exception to the hearsay rule. *See* Rule 11-803(B) NMRA. Defendant was found guilty following a jury trial and now appeals.

**DISCUSSION**

**Prosecutorial Misconduct**

During closing argument, the State told the jury, "the victim has decided not to show up, I don't have a victim to give you, I don't have her, she did not want to come to court, that's fine." Defense counsel, in his closing argument, told the jury the "one thing that you do not have is anyone that was present at the time, there was no one there at the time." Counsel also reminded the jury that Victim's mother testified about something she heard over a year before trial. The State, in its rebuttal argument, commented, "[D]efendant himself, through [his attorney], has subpoena power, he has the ability to issue a subpoena." Defense counsel objected on the grounds that the district court had already told the jury that Defendant has "no obligation to do anything." In response, the State claimed that it was permissible to make a comment that Defendant did not call someone as a witness. Following this exchange, the district court directed the parties to proceed with closing argument. After the jury submitted its verdict, defense counsel requested that the district court revisit the claim that the State made an improper remark during closing. Defense counsel presented

argument and requested a mistrial. The district court did not grant the motion for mistrial, but allowed the parties ten days to brief the issue. The State filed a brief with the district court, but defense counsel did not file a brief.

We note that the district court did not make a ruling on this issue after requesting supplemental briefing. However, the State does not raise preservation, so we will address the merits of Defendant's argument We review claims of prosecutorial misconduct for abuse of discretion. *State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807. Our ultimate determination is whether the prosecutor's conduct "had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial." *Id.*

The State told the jury that Victim did not come to court to testify. Defense counsel then told the jury that it had not heard from anyone present at the incident, and the State later informed the jury that defense counsel had the ability to issue a subpoena. At most, the State's comment was that Defendant failed to produce a witness or witnesses although his counsel had the power to issue a subpoena. The State is permitted to make such comments. *See State v. Estrada*, 2001-NMCA-034, ¶ 34, 130 N.M. 358, 24 P.3d 793 (holding that a prosecutor may comment on the defendant's failure to produce witnesses so long as the comment is not one on the defendant's failure to testify). In addition, Defendant opened the door to the State's

comment regarding the ability to subpoena witnesses when his counsel argued that the State did not have anyone present at trial that was present during the incident. *Id.* (stating that where the defendant opened the door to comments by the prosecutor, such comments do not constitute reversible error). As a result, the State's comment about Defendant's ability to subpoena witnesses was not reversible error. We hold that the district court did not abuse its discretion when it refused to grant a mistrial on the basis that the prosecutor allegedly engaged in misconduct during closing arguments.

**Ineffective Assistance of Counsel**

On October 30, 2008, the district court allowed ten days for the parties to brief two issues that were presented to the court after the verdict was rendered. At some point after the trial and before sentencing, Defendant retained new counsel (Lindsey). Neither Defendant's trial counsel nor Lindsey filed the briefing allowed by the district court. The State filed its brief on October 31, 2008. Defendant now claims that Lindsey provided ineffective assistance of counsel by failing to file a brief on the issue of prosecutorial misconduct and that such failure resulted in the issue "not being considered by the trial court." Defendant also contends that Lindsey did "nothing in this case" but file a motion for new trial. He argues that the result at trial would have been different if Lindsey had filed a brief on the prosecutorial misconduct issue.

"When an ineffective assistance claim is first raised on direct appeal, we

5

evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). Ineffective assistance of counsel will not be found where prejudice is not established. *Duncan v. Kerby*, 115 N.M. 344, 348-49, 851 P.2d 466, 470-71 (1993).

In this case, there is nothing in the record to tell us why Lindsey made the choices he did. In fact, there is nothing in the record to establish that Lindsey was even aware of the supplemental briefing schedule allowed by the district court. The record before us is insufficient to establish the reasonable inference that Lindsey knew about the request for a supplemental brief. Also, if Lindsey was made aware of the opportunity to file a supplemental brief, there is nothing to tell us his reasons for

declining to do so and alternatively filing a motion for a new trial. Finally, based upon our holding that no prosecutorial misconduct occurred in this case, we do not agree with Defendant's assessment that the result at trial would have been different if Lindsey had filed a brief on the issue. We hold that Defendant has failed to present a prima facie case for ineffective assistance of counsel.

**Disqualification of the Prosecutor**

Defendant claims that he argued to the district court that the prosecutor should be disqualified because he made himself a witness in the case. On the day before trial, the prosecutor had a conversation with Victim. Victim told the prosecutor that Defendant did place his hands on her but did not choke her and that the marks on her neck were due to hickies. Defense counsel claimed that this was exculpatory evidence that was not disclosed, while the State argued that defense counsel and another public defender were told about the conversation on the same day of the encounter. The matter was discussed a number of times on the day of trial. However, there is nothing in the record to support Defendant's claim that he asked the district court to disqualify the prosecutor. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (explaining that to preserve an issue for appeal, a timely objection must be made that specifically apprizes the district court of the nature of the claimed error and invokes an intelligent ruling). Defendant does not provide any citation to the record

7

to support his claim. *See State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829 (filed 1998) (holding that the appellate court will not search the record for evidence of preservation when the defendant did not provide adequate transcript references). We will not consider an issue that was not raised in the district court unless the issue involves a matter of jurisdictional or fundamental error. Rule 12-216 NMRA; *In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431. There is nothing to suggest that the issue raised by Defendant on appeal involves jurisdictional or fundamental error. Because the issue of disqualification was not raised or properly preserved, we will not address it.

**Admission of Evidence**

Defendant claims that the district court violated his right to confrontation under the New Mexico Constitution by admitting hearsay testimony from Juanita, Victim's mother. More specifically, Defendant relies on *State v. Lopez*, 1996-NMCA-101, ¶¶ 14-25, 122 N.M. 459, 926 P.2d 784, to contend that the State failed to prove Victim was unavailable and that the State had made reasonable attempts to locate her. Defendant does not argue that the testimony should not have been admitted under the excited utterance hearsay exception. Defendant has not directed us to a location in the record where he objected on the basis that the State failed to establish that Victim was unavailable and consequently, that the admission of the evidence violated his

8

confrontation rights under the New Mexico Constitution. The issue of whether the State had an obligation to establish the unavailability of Victim before utilizing her statements as an excited utterance must be preserved by Defendant. Therefore, Defendant failed to preserve his Confrontation Clause arguments in the district court. *See* Rule 12-216; *Rojo*, 1999-NMSC-001, ¶ 44; *State v. Gomez*, 1997-NMSC-006, ¶ 22, 122 N.M. 777, 932 P.2d 1 (explaining that in order to preserve a state constitutional issue for appeal, a litigant must assert the constitutional principle that is the basis for the objection and develop the facts at issue). Defendant's argument that he did not have to preserve his objections to Juanita's testimony because the prosecutor misstated the law during the discussion of the issues with the district court is meritless. *See* Rule 12-216; *State v. Garvin*, 2005-NMCA-107, ¶¶ 12-21, 138 N.M. 164, 117 P.3d 970 (noting that the doctrines of fundamental error and cumulative error apply to issues of prosecutorial misconduct arising from misstatements of the law that are not objected to or preserved at trial).

Defendant also argues that we should review his Confrontation Clause arguments for plain or fundamental error. This Court will analyze Confrontation Clause arguments that have not been preserved at trial under the doctrine of fundamental error. *See State v. Dietrich*, 2009-NMCA-031, ¶ 51, 145 N.M. 733, 204 P.3d 748, *cert. denied*, 2009-NMCERT-002, 145 N.M 704, 204 P.3d 29. "A

9

fundamental error occurs where there has been a miscarriage of justice, the conviction shocks the conscience, or substantial justice has been denied [or when the district] court's error was of such magnitude that it affected the trial outcome." *Id.* ¶ 52 (internal quotation marks and citations omitted).

The Confrontation Clause prohibits the admission of testimonial hearsay statements unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *State v. Ortega*, 2008-NMCA-001, ¶ 14, 143 N.M. 261, 175 P.3d 929 (filed 2007). If hearsay statements are non-testimonial, the Confrontation Clause does not apply. *See State v. Henderson*, 2006-NMCA-059, ¶ 13, 139 N.M. 595, 136 P.3d 1005. Thus, the question to be addressed in this case is whether Victim's statements to her mother were testimonial or non-testimonial.

In a similar case, we addressed a claimed Confrontation Clause violation based on the admission of hearsay statements from a victim of domestic violence. *See State v. Romero*, 2006-NMCA-045, ¶¶ 62-68, 139 N.M. 386, 133 P.3d 842, *aff'd by*, 2007-NMSC-013, 141 N.M. 403, 156 P.3d 694. In *Romero*, the victim ran up to an officer, she was crying and asking for help, she had watery eyes and red marks on her neck, and she told the officer that the defendant had choked her, held a knife to her throat, and threatened to kill her. 2006-NMCA-045, ¶ 62. The statement was admitted as an excited utterance or a present sense impression. *Id.* We looked at the

10

officer's primary goal in receiving the information from the victim and determined that there were no "articulable indications that either the officer or the declarant was trying to procure or provide testimony." *Id.* ¶¶ 63, 66-67. Instead, the primary goal was to provide aid to the victim. *Id.* ¶¶ 66-67. Therefore, we held that the victim's statements were non-testimonial, and were properly admitted at trial. *Id.* ¶ 68.

Similarly, in this case, Victim made statements to her mother shortly after the incident and while she was still upset and crying. Victim stated that Defendant choked her until she passed out. Juanita also observed Victim's demeanor and the injuries on her neck when they met shortly thereafter. There are no "articulable indications" in this case that either Victim made the statements or Victim's mother heard the statements for purposes of procuring or providing testimony for trial. Victim's statements were made under circumstances where she was seeking aid and assistance from her mother. Therefore, the statements were non-testimonial. The Confrontation Clause does not apply to the non-testimonial statements made to Victim's mother. There was no fundamental error in this case.

**CONCLUSION**

Based upon the holdings set forth herein, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

                              **TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**LINDA M. VANZI, Judge**