This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.                                       **NO. 31,242**

**JOSEPH MARTINEZ,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellant

Bregman & Loman, P.C.
Eric Loman
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

The State appeals from a district court's order suppressing the evidence discovered from a warrantless search of Defendant's home and suppressing statements made by Defendant and an alleged victim. We issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a memorandum in support. The State filed a response, indicating that it does not wish to pursue the issues contained in the docketing statement. [Response 1-4] Instead, the State asks this Court to limit the effect of the order suppressing the alleged victim's statements on the victim's right to freely testify in any future proceeding. [Response 5-10] For the reasons that follow, we deny the State's request and affirm.

The State does not contend that the alleged victim's testimony was wrongfully excluded, as it did in its docketing statement. [DS 6] Rather, the State complains that the suppression order is ambiguous with regard to the basis for suppressing the alleged victim's testimony and, therefore, may "become a source of vexatious and difficult litigation." [Response 6] The State asks us to prevent the possibility that res judicata or collateral estoppel principles could limit the victim's right to provide testimony in future proceedings against Defendant. [Response 7-10]

These matters were not raised in the district court and, therefore, are not properly before us on appeal. *See In Re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that, on appeal, the reviewing court will not consider issues

not raised in the trial court unless the issues involve matters of fundamental error). Moreover, the State's request in effect asks this Court to issue an advisory opinion "that would have no practical effect on the current litigation . . . and resolve a hypothetical situation that may or may not arise." *City of Sunland Park v. Harris News, Inc.*, 2005-NMCA-128, ¶ 50, 138 N.M. 588, 124 P.3d 566 (internal quotation marks and citation omitted). We deny the State's request.

For the reasons stated in our notice, we affirm the district court's suppression of the evidence.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**