This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                                            **NO. 32,208**

**MILES LANSFORD,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellant

Garrett Law Firm, P.A.
Michael T. Garrett, Esq.
Clovis, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1} The State appeals the district court's order granting the motion to suppress evidence filed by Defendant Miles Lansford and the district court's order denying the State's motion to reconsider suppression. The State argues that the district court committed reversible error because it failed to consider the legitimate merits of the State's verbal request for a continuance and also by not considering alternative, lesser remedies to the granting of the motion to suppress evidence. Because we are not persuaded that the State has demonstrated reversible error, we affirm.

**BACKGROUND**

{2} Defendant was convicted of aggravated drunk driving in magistrate court and appealed to the district court. In the district court, Defendant filed a motion to suppress all evidence obtained at the traffic stop of his vehicle. On the due date for the response to the motion to suppress, the State filed a motion for extension of time to respond. With the verbal agreement of Defendant, the State requested one additional week. The district court judge did not rule on the motion to extend the State's time to respond by one week, and the State did not respond as of eight days later, the scheduled date of the hearing on the motion to suppress.

{3} The State verbally sought a continuance of the hearing on Defendant's motion to suppress. The prosecutor sought the agreement of Defendant and received a verbal

commitment from counsel for Defendant. However, neither party prepared a stipulated order for the court. Each, apparently, believed the other party was responsible. Thus, no continuance was granted.

{4} On the day of the hearing on the motion to suppress, the prosecutor again contacted defense counsel to request a continuance. Again there was an apparent misunderstanding. Defense counsel asserts that he told the State that he, personally, was unopposed to a continuation of the hearing but that he also had to check with Defendant before consenting. After Defendant, who was already on the way from Texas, did not agree to continue, defense counsel so informed the prosecutor's office and attended the hearing. But, because the prosecutor believed that defense counsel agreed to continue the hearing on behalf of the Defendant, he attended an unrelated proceeding in magistrate court and did not attend the hearing on the motion to suppress.

{5} At the suppression hearing, another attorney from the prosecutor's office who was in the courtroom by coincidence, and was mostly unfamiliar with the relevant law or facts of the case, covered in the prosecutor's absence. The substitute prosecutor requested a continuance on the ground that the State was working diligently to investigate the facts of the case and also argued that the State relied on a verbal agreement reached earlier that day with defense counsel to continue the hearing. He

noted that defense counsel subsequently called the prosecutor's office to withdraw his agreement to continue the hearing. Defense counsel denied ever agreeing to continue the hearing on behalf of Defendant, who objected to the continuance.

{6}     In the absence of a written agreement between the parties, the court elected to not grant the continuance, stating "I don't know what all the conversation was back and forth." The court also pointed to the difficult burden on the State in connection with the motion to suppress, based on a review of the file. Instead of granting the requested continuance, the court granted the motion to suppress. The record shows that Defendant's substantive arguments were unopposed by the State in writing or at the hearing. The court took note of this lack of opposition, stating "I've read the extensive motion to suppress . . . I haven't seen any response."

{7}     The day after the hearing, the State filed a motion for reconsideration of the order suppressing evidence. The State outlined the reasons it was unable to appear at the hearing, including reliance on the promises of defense counsel. It also noted good faith efforts by the State to complete its factual investigation of the case.

{8}     The district court issued a decision letter denying the State's motion for reconsideration. It noted that agreements between parties must be in writing, and signed by both parties, so that the court is not forced to "engage in judgment of any counsel's independent character." The decision letter acknowledged the reasons

4

offered by the State that it was not at the hearing and could not complete its investigation. A final order from the district court suppressing the evidence followed and confirmed the decision letter.

**LACK OF ABUSE OF DISCRETION**

{9} The grant or denial of a motion for continuance is within the sound discretion of the trial court. *Doe v. State*, 1975-NMCA-108, ¶ 8, 88 N.M. 347, 540 P.2d 827. The standard of review for such a motion is abuse of discretion. *Id.* An abuse of discretion occurs when the ruling is "clearly untenable or not justified by reason." *State v. Candelaria*, 2008-NMCA-120, ¶ 12, 144 N.M. 797, 192 P.3d 792 (internal quotation marks and citation omitted). There is no abuse of discretion when there are reasons that both support and detract from a court's decision. *State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363. Our review looks at the evidence and its inferences in the light most favorable to the district court's decision. *Candelaria,* 2008-NMCA-120, ¶ 12.

{10} The State argues that the district court failed to consider the State's request for a continuance, and to the extent that it did, its evaluation of the request was without reason or logic and was therefore an abuse of discretion. At the hearing on the motion to suppress evidence, the State requested a continuance on two grounds.

**{11}** First, the State requested the continuance because the attorney handling the case for the State was not present due to his belief that the hearing would be continued. At the hearing, the court heard conflicting information as to verbal agreements between counsel regarding a continuance. Under our standard of review, when a court is faced with conflicting credibility statements, we will defer to its credibility determination. *See, e.g.*, *State v. Evans*, 2009-NMSC-027, ¶ 37, 146 N.M. 319, 210 P.3d 216 ("We are unable to view the witness's demeanor or his manner of speech, and therefore are not in a position to evaluate many of the aspects of witness credibility that the trier of fact may evaluate."). In the district court's decision letter, it required that "all agreements must be in writing, signed by both parties, so that the Court does not have to engage in judgment of any counsel's independent character." It was within the court's discretion, without written agreement, to reject the State's version of events. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that because the jury is free to reject defendant's version of the facts, contrary evidence does not provide a basis for reversal).

**{12}** The second justification offered by the State was that it was working diligently to complete its investigation. At the hearing, the State asked for a continuance because counsel for the State was "working diligently on the facts of this case that obtain certain documentation and information from the [ ] police department that I

think will be dispositive of the issue and may actually work in the defendant's favor." The State did not explain how long it would need, or, specifically, what evidence remained to be obtained. In its motion for reconsideration of the order suppressing evidence, the State noted that it had made three unsuccessful telephonic attempts to contact the officer that made the original traffic stop and then additional unsuccessful attempts of an unspecified nature on two subsequent days.

{13}     In *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20, our Supreme Court established a framework that courts must consider in evaluating a motion for continuance. The seven factors set forth in *Torres* are:  (1) the length of the requested delay; (2) the likelihood that a delay would accomplish the movant's objectives; (3) the existence of previous continuances in the same matter; (4) the degree of inconvenience to the parties and to the court; (5) the legitimacy of the motives in requesting the delay; (6) the fault of the movant in causing a need for the delay; and (7) the prejudice to the movant in denying the motion. *Id.*

{14}     In this case, some of the *Torres* factors weigh in favor of the granting of the continuance, while others do not.  Turning to the first factor—the length of the requested delay—the record shows that the State did not specify at the hearing how long a continuance it needed.  In its motion for an extension of time to file an answer to the motion for suppression, the State requested seven days to obtain additional

evidence. By the time of the hearing, eight days had already run. At the hearing, the district court did not know what prevented the State from obtaining its evidence or how long it would want or need to obtain it. Because the State did not tell the court how long it needed to obtain the evidence, and because it suggested in its motion for an extension of time to respond that it would have the evidence by the time of the hearing, the district court could have reasonably concluded that this factor did not work in the State's favor.

{15} The second factor examines the likelihood that a delay would accomplish the movant's purpose. At the hearing, the State was not specific about what evidence or facts it hoped to uncover by the continuance. But in its motion to the court for an extension of time to respond, the State pointed to three still pending aspects of its investigation: (1) an interview with the officer who performed the stop; (2) the need to obtain radio dispatch logs; and (3) an interview with the officer who called in the "be on the lookout" (BOLO) report. In the State's motion to reconsider the order suppressing evidence, filed the day after the hearing, the State recounted its efforts to complete its investigation. The State noted that it had already received the desired dispatch logs. The State also recounted telephonic efforts to speak with the officer who performed the stop dating back nearly one month, but it made no mention of the interview with the officer who called in the BOLO report. Because the State already

obtained the radio dispatch logs, and because the interview with the officer who called in the BOLO report was unmentioned after the requested extension of time to answer, these aspects of the investigation cannot serve as the purpose of the requested continuance. We are left with the interview of the officer who made the stop as the potential purpose of the delay.

{16} In its motion to reconsider suppression, the State discussed the diligent efforts it made to interview the officer who made the stop, dating back to the filing of the motion to suppress nearly four weeks prior. The State had previously asked for an extra week to answer in order to interview this officer, and that week had passed by the date of the hearing. The State pointed out that the officer was no longer employed by the New Mexico State Police and had since relocated to Texas. The State did not explain to the court any additional efforts it might take to interview this officer other than what it had already attempted. At the hearing, the State did not explain the purpose for requesting a continuance with any specificity. Indulging an inference that the State's purpose was to bolster the reasonableness of the stop with more information from the officer, the district court could reasonably have concluded that another delay would be unhelpful given the circumstances presented to it. As such, this factor does not work in the State's favor to support a finding of abuse of discretion.

**{17}** The third and fourth factors look to the number of continuances and the degree of inconvenience to the parties and the court. This was the first continuance requested by the State. And although Defendant traveled from Texas, the inconvenience to him does not rise to the level of significant or substantial, as required under *Torres*, 1999-NMSC-010, ¶ 17. The third and fourth factors weigh in favor of granting a continuance.

**{18}** The fifth factor—the legitimacy of the motive for the request to delay—works in favor of granting a continuance. Nothing in the record suggests, nor has Defendant suggested, any improper motive in seeking a continuance.

**{19}** The sixth factor examines the movant's culpability in causing the delay. It is difficult to assign culpability when there are multiple, unverified verbal agreements and compounded misunderstandings. The district court could have reasonably concluded that the State was not without fault in causing the requested delay. The State relied on two discussions with defense counsel regarding a continuance. If, as asserted by the State, the defense did not prepare an order for continuance after the first verbal agreement, the court may have reasonably concluded that the State bore some responsibility for not subsequently preparing an order or attending the hearing.

**{20}** The final factor looks to the prejudice to the moving party. The State argues that the interview with the officer would be dispositive, but it also notes that it might

10

be "in the defendant's favor." The inquiry under *Torres* is not whether the evidence is critical, but whether the evidence is "both material *and favorable*" to the movant. *Id.*, ¶ 12 (emphasis added). Having already had almost one month of unsuccessful attempts to contact the former officer, including the additional week originally requested by the State, the district court could have reasonably concluded that the State would be unable to contact the officer with another short delay. Because the State claimed that the interview is only material, but not necessarily favorable, and because the district court could have reasonably concluded that the State was unlikely to complete its interview with a short delay, the district court could have reasonably concluded that this factor favored the denial of a continuance. *Cf. In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{21} Although some factors in the *Torres* continuance analysis favor the State, others do not. The district court had a sufficient basis for its decision and did not abuse its discretion when it denied the continuance. *See Moreland*, 2008-NMSC-031, ¶ 9 ("When there exist reasons both supporting and detracting from a trial court decision, there is no abuse of discretion." (internal quotation marks and citation omitted)).

**ALTERNATIVE, LESSER REMEDIES TO GRANTING THE MOTION TO DISMISS**

11

{22} The State also contends that the district court was required to consider less drastic remedies than the motion to dismiss and committed reversible error by failing to do so. The record indicates that the State failed to raise this argument in the district court, and the State gives no indication that it was preserved. *See In Re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that on appeal, the reviewing court will not consider issues raised in the district court unless the issues involve matters of jurisdictional or fundamental error); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). Because the State has not properly preserved the issue of whether the district court considered alternative, lesser included remedies prior to granting the motion to suppress, we will not consider the issue.

**CONCLUSION**

{23} For the reasons stated above, we affirm the district court's order.

{24} **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**