This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

  Plaintiff-Appellee,

**v.**           **No. 33,667**

**ASHLEY RAMIREZ,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1} Defendant appeals from the district court's judgment and sentence, entered pursuant to a conditional plea of no contest. The plea was conditioned on Defendant's

ability to appeal from the district court's denial of Defendant's motion to dismiss, which she pursued under the theory of entrapment. Unpersuaded that dismissal was appropriate under entrapment, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We remain unpersuaded that the district court erred. We, therefore, affirm.

{2}	In her docketing statement, Defendant argued that the district court should have ruled that Ms. Chacon was an agent of the police, and should have granted her motion to dismiss, pursued under a theory of entrapment. [DS unnumbered 3] In our notice, we observed that Defendant did not provide this Court with the information our rules require, which included the exact theory of entrapment that Defendant pursued. *See State v. Vallejos*, 1997-NMSC-040, ¶ 10, 123 N.M. 739, 945 P.2d 957 (recognizing that there are two types of entrapment in New Mexico—subjective and objective—and there are two varieties of objective entrapment—factual and normative). We applied all theories of the entrapment defense, and proposed to affirm. Specifically, we proposed to hold that the State demonstrated: Defendant had a predisposition to drug trafficking; the conduct about which Defendant complained was not the police officer's, nor even the conduct of an agent of the police; and the undercover officer, Agent Perry, directly solicited drugs from Defendant, and Defendant sold it directly to him. On these grounds, we proposed to hold that the police's conduct was not so

egregious or unconscionable and did not otherwise exceed the standards as a matter of law.

{3}     In response to our notice, Defendant states that she asserts an entrapment defense of the objective normative variety. [MIO 5] Accordingly, Defendant needed to have established that "both the methods and purposes of police conduct . . . offend our notions of fundamental fairness . . . or are so outrageous that due process principles [should] absolutely bar the government from invoking judicial processes to obtain a conviction[.]" *Id.* ¶ 16 (internal quotation marks and citations omitted). As we recognized in our notice, normative entrapment recognizes two forms of impropriety as part of the objective entrapment defense: (1) the police "employ unconscionable methods in their attempts to ferret out crime," *id.* ¶ 18; and (2) the police ensnare a defendant for the illegitimate purpose of generating criminal charges without regard to protecting the public or preventing future crime. *Id.* ¶¶ 17-19.

{4}     Also in response to our notice, Defendant acknowledges that the allegedly pressuring conduct to which she objected was that of Ms. Chacon, not Agent Perry. [MIO 9] Relying on out-of-state case law, Defendant now asks us to recognize a theory of entrapment through the use of an unwitting informant. [MIO 8-9] Defendant gives us no indication that she raised this argument below, seeking an extension of the objective normative entrapment defense to encompass the actions of an unwitting

participant in an undercover investigation. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that in order to preserve an issue for appeal, the defendant must make an objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon). Defendant also does not present us with any argument indicating why she may raise this matter for the first time on appeal. *See In Re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that on appeal, the reviewing court will not consider issues not raised in the trial court unless the issues involve matters of jurisdictional or fundamental error).

**{5}** Even assuming that Defendant's arguments below were sufficient to preserve this matter for our review, and even assuming our case law may contemplate a theory of entrapment through the use of an unwitting participant, [MIO 9-11] we are not persuaded that the police conduct in this case was so manipulative or otherwise egregious to warrant this kind of vicarious entrapment defense. There is no indication that the drug transactions between Defendant and Agent Perry were conducted for the purpose of satisfying Ms. Chacon's pleas to procure drugs for her sick husband. Nor is there any indication that Agent Perry asked Ms. Chacon to request drugs from Defendant for Ms. Chacon's sick husband. Thus, we are not persuaded that Ms. Chacon's actions could be sufficiently linked to police to constitute the level of police

misconduct contemplated by the entrapment defense, even under a vicarious theory of entrapment.

{6}     For the reasons stated in this opinion and in our notice, we affirm the district court's denial of Defendant's motion to dismiss.

{7}     **IT IS SO ORDERED.**


_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**



_____

**MICHAEL E. VIGIL, Judge**


_____

**J. MILES HANISEE, Judge**

5