This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                          **No. 33,862**

**SEBASTIAN DURAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

**{1}** Defendant Sebastian Duran appeals his conviction for driving while under the influence of an intoxicating liquor. We issued a notice of proposed summary disposition proposing to affirm on September 9, 2014. Defendant filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**DISCUSSION**

**{2}** In his memorandum in opposition, Defendant concedes that the evidence was sufficient to establish that the crime occurred in the State of New Mexico and that the crime occurred within the territorial jurisdiction of the district court. [MIO 16-17] However, Defendant continues to argue that there was insufficient evidence to show that the crime occurred within the arresting officer's jurisdiction. [MIO 16] Specifically, Defendant argues that there was insufficient evidence that the crime occurred in the municipality of Albuquerque, and the arresting officer therefore did not have jurisdiction when she stopped and arrested him. [MIO 17] *See* NMSA 1978, § 3-13-2(A)(4)(d) (1988) (stating that a police officer of a municipality shall "apprehend any person in the act of violating the laws of the state or the ordinances of the municipality and bring him before competent authority for examination and trial").

2

{3} The district court entered a memorandum opinion in Defendant's on-record appeal, addressing this issue, and we proposed to rely on its analysis in our notice of proposed summary disposition. [RP 135-43] Specifically, the district court determined that, even if this argument were preserved, there was sufficient evidence that the crime occurred within the City of Albuquerque because the arresting officer testified that she was within city limits when she stopped Defendant. [RP 142] She also testified that she stopped Defendant at the intersection of Universe and Irving, which is in the Ventana Ranch subdivision and that the Ventana Ranch subdivision is within the City of Albuquerque. [RP 135-37, 142] Defendant argues in his memorandum in opposition that the arresting officer did not testify verbatim that she stopped Defendant "in the City of Albuquerque, County of Bernalillo, State of New Mexico." [MIO 18] However, we continue to agree with the district court's analysis that the officer's testimony was sufficient to allow the trial court to infer that the stop occurred within the city limits. We therefore reject this assertion of error.

{4} Defendant also continues to argue that police lacked probable cause to arrest him because the arresting officer did not have a reasonable belief that he was driving while impaired by alcohol. [MIO 20] Defendant raises this claim as a matter of fundamental error because, as we pointed out in the notice of proposed summary disposition, he did not raise this issue below. [MIO 20] *See In re Aaron L.*,

2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that on appeal the reviewing court will not consider issues not raised in the trial court unless the issues involve matters of fundamental error or fundamental rights of a party). Defendant is necessarily arguing, therefore, that the district court should have suppressed the evidence sua sponte. According to our case law, such a claim implicates the doctrine of plain error rather than fundamental error. *See State v. Torres*, 2005-NMCA-070, ¶ 9, 137 N.M. 607, 113 P.3d 877. Although this doctrine is not as strict in application as fundamental error, it is to be used sparingly. *Id.* The rule should be applied "only if we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding." *Id.* (internal quotation marks and citation omitted).

{5} Where, as here, the claim of plain error is based on the district court's failure to suppress evidence sua sponte, the doctrine will be applied only if suppression is the only result rationally supported by undisputed facts in the record. *Id.* ¶¶ 11, 12. If the claim depends on factual determinations that the district court was never asked to make, we will not apply the doctrine on appeal. *See id.* That is the situation here; Defendant points to evidence that conflicts with the arresting officer's testimony in support of his arguments that probable cause did not exist to support his arrest for driving while impaired. [MIO 20-21] However, the arresting officer testified that she

4

stopped Defendant because he drove through a stop sign without stopping and then swerved into her lane, which provides reasonable suspicion for a traffic stop. [MIO 1-2] In addition, she testified that, after making the stop, she smelled alcohol in Defendant's vehicle and that Defendant performed unsatisfactorily on field sobriety tests, which provided probable cause for the arrest. [MIO 3-4] *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that the odor of alcohol, lack of balance at the vehicle, and failure to satisfactorily perform field sobriety tests supported an objectively reasonable belief that the defendant had been driving while intoxicated, and thus constituted probable cause to arrest). Although Defendant points to his testimony that he did not run a stop sign and did not turn into the officer's lane, Defendant did not ask the district court to resolve the conflicting factual issues by moving to suppress the evidence obtained pursuant to the stop and arrest. [MIO 20-21] Accordingly, because there was conflicting evidence concerning the legal issues and a finding of lack of probable cause is not the only one rationally supported by the record, we hold there is no plain error in the district court's failure to sua sponte suppress the evidence in question. *See Torres*, 2005-NMCA-070, ¶¶ 9-12.

{6}     For these reasons, we affirm Defendant's conviction.

{7}     **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**CYNTHIA A. FRY, Judge**