This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38899**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**

Plaintiff-Appellee,

v.

**RANDY VELARDE a/k/a RANDY M. VELARDE,**

Defendant-Appellant,

and

**CREDIT BUREAU OF FARMINGTON, INC.; JANE DOE (unknown tenant); KENNETH E. MOOREHEAD; WELLS FARGO FINANCIAL NEW MEXICO, INC.; DALLAS ROSE; and LISA ROSE,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio J. Chavez, District Judge**

McCarthy & Holthus, LLP
Jason C. Bousliman
Albuquerque, NM

for Appellee

Joseph B. Coffey
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}**     Defendant appeals a summary judgment in this mortgage foreclosure case, challenging Plaintiff's standing to prosecute this action.[1] This Court issued a notice of proposed disposition in which we proposed to affirm the judgment below. Defendant has filed a memorandum in opposition to that proposed disposition, which we have duly considered. Remaining unpersuaded that the district court committed error, we now affirm.

**{2}**     In support of his argument that Plaintiff did not have standing to prosecute this case, Defendant asserts that Plaintiff was neither the holder of the promissory note nor the assignee of the mortgage upon which foreclosure was based. [MIO 2] Defendant asserts that Plaintiff did not have standing to pursue this action on the date it was filed because it acquired its rights from JP Morgan Chase Bank, NA (JP Morgan), more than three years after the initiation of this suit. *See Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1 (noting that standing to bring a foreclosure action is assess as of the date suit is filed). Defendant's argument does not address the fact that this case was initially filed by JP Morgan and that Plaintiff was substituted into the case, pursuant to Rule 1-025(C) NMRA, following its acquisition of JP Morgan's rights. Defendant's memorandum does not assert in any way that substitution pursuant to Rule 1-025 was improper, and we perceive no impediment to that substitution. Thus, if JP Morgan had standing at the time it filed the complaint, Plaintiff could properly prosecute this foreclosure as JP Morgan's successor in interest who was substituted into the case.

**{3}**     In the complaint initiating this case, JP Morgan averred that it was entitled to enforce the note and mortgage as a successor in interest to the original lender. [1 RP 3] In his memorandum, Defendant asserts that JP Morgan actually acquired its interests in this note and mortgage shortly before conveying them to Plaintiff, well after the complaint was filed. [MIO 3] In support of this assertion, Defendant draws our attention to an exhibit attached to his memorandum filed with this Court. [Id.] That exhibit, however, which appears to be a recorded mortgage assignment, does not support Defendant's argument. Although executed in 2014 and recorded in 2015, the assignment, itself, recites that it "is intended to further memorialize the transfer that occurred by operation of law on September 25, 2008." [MIO, Exhibit B] Thus, the attached exhibit supports a conclusion that JP Morgan acquired its interest in this mortgage over two and one half years prior to filing this foreclosure action. Unless counsel believed this Court might simply fail to read the entire exhibit, his mischaracterization of this document was exceedingly poor appellate strategy, and we admonish counsel to be mindful that this Court relies upon the candor of appellate practitioners. *See* Rule 16-303 NMRA ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal."); *In re Chavez*, 2013-NMSC-008, ¶ 26, 299 P.3d

---

1Although Defendant asserted two other appellate issues in his docketing statement, only Plaintiff's standing is addressed in the memorandum in opposition to summary affirmance, and the remaining issues are deemed abandoned on appeal. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that where the proposed disposition of an issue is not contested in a memorandum in opposition, that issue is abandoned).

403 (suspending an attorney from the practice of law for, inter alia, "a demonstrated pattern of dishonesty").

**{4}** More importantly, Defendant does not suggest that this exhibit was before the district court at any point, and we remind counsel that matters outside the record "present no issue for review." *State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296. For this reason, this Court "will not consider and counsel should not refer to matters not of record." *In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431.

**{5}** Defendant also complains that an unendorsed copy of the relevant promissory note was attached to the original complaint. [MIO 3-4] Plaintiff acknowledged below that the attachment to the original complaint was not a true and correct copy of the note. [2 RP 300] However, Defendant makes no attempt to explain how this resulted in reversible error below, and the district court did not rely upon the note erroneously attached to the complaint. Instead, Plaintiff's motion for summary judgment relied upon undisputed facts establishing its right to enforce the note as a successor in interest to the original lender. [3 RP 662-64]

**{6}** Finally, again relying upon matters that appear to be outside the record, Defendant complains that Plaintiff sold its interest in the loan underlying this foreclosure in 2016. [MIO 4; Exhibit A] Assuming for present purposes that this sale was somehow raised below, we note that Defendant is, again, failing to address the effect of Rule 1-025. Following a transfer of interests, that rule allows a pending case to be continued by "the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Rule 1-025(C). Defendant does not assert that any party to this case sought an order directing substitution or joinder after the transfer of interests in 2016, and he does not in any other way explain how it was error for Plaintiff to continue prosecution of this mortgage foreclosure.

**{7}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment entered by the district court.

**{8}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**