This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

**v.**               **No. 33,828**

**CALVIN BECKWITH,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1} Defendant appeals from a district court on-the-record judgment affirming his metropolitan court conviction for battery against a household member. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. As explained in this Opinion, we believe that Defendant's memorandum makes arguments beyond the scope of the sole issue in the docketing statement. We construe this as an implicit motion to amend the docketing statement, and we hereby deny the motion. We affirm the judgment.

**Sufficiency**

{2} Defendant continues to challenge the sufficiency of the evidence to support his conviction for battery against a household member. [MIO 13] "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

{3}      In order to convict Defendant, the evidence had to show that Defendant picked up Victim by the arms and threw her against a wall in a rude, insolent, or angry manner and that Defendant and Victim were household members.   [RP 41] "Household member" includes those involved in a continuous personal relationship. [RP 42]  Here, our calendar notice proposed to affirm based on the facts as set forth in the docketing statement.  Specifically, Defendant and Victim had been in a dating or intimate relationship. [DS 3]  On the day of the incident, Defendant came over to her apartment and entered the apartment after Victim opened the door.  [DS 3] Although Defendant was not invited in, he went into the apartment as Victim backed up without saying anything.  [DS 3]  Defendant appeared to be unhappy and angry. [DS 4]  To the extent that Defendant is arguing that there were inconsistencies in Victim's testimony, this was a matter for the fact-finder to sort out. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).   Although Defendant maintains that the prosecutor tainted the process by asking leading questions [MIO 15-16], Victim made clear throughout her testimony that Defendant grabbed her by the arm and threw her against the wall as he was yelling at her. [DS 5, 7, 10-11] In light of her testimony on

these basic facts, we conclude that the evidence was sufficient to support the conviction.

**Motion to Amend**

{4} As indicated earlier, we construe Defendant's memorandum in opposition to raise arguments that go beyond sufficiency of the evidence. Although Defendant did not formally move to amend the docketing statement, we will address these arguments in the context of our rule governing such amendments. *See* Rule 12-208(F) NMRA. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superseded on other grounds by rule as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{5}** Here, Defendant argues that the prosecutor improperly elicited testimony through leading and coaching by the prosecutor and that the district court erred in failing to reign in the prosecutor. [MIO 14-16] Defendant has not indicated that he objected to the leading questions or alleged improper refreshing of Victim's recollection. *See* Rule 12-216(B) NMRA; *In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that, on appeal, the reviewing court will not consider issues not raised in the district court unless the issues involve matters of fundamental or jurisdictional error). This case does not involve fundamental error. Defendant is not indisputably innocent. Nor is there any indication that the conviction was fundamentally unfair. *See State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused"). As such, we do not construe Defendant's arguments to raise any viable new issues.

**{6}** For the foregoing reasons, we affirm.

**{7}** **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

5

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**J. MILES HANISEE, Judge**