This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SARA HAMOOD,**

       Petitioner-Appellee,

v.                                      **No. 35,998**

**HAMOOD UR-REHMAN MALIK**
**a/k/a HAMOOD MALIK,**

       Respondent-Appellant,

and

**STATE OF NEW MEXICO ex rel.**
**HUMAN SERVICES DEPARTMENT**
**and SUTIN, THAYER & BROWNE,**

       Intervenors-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**Sylvia LaMar, District Judge**

Hamood Ur-Rehman Malik
Santa Cruz, NM

Pro Se Appellant

New Mexico Human Services Department
Child Support Division
Lila Bird, Special Assistant Attorney General
Santa Fe, NM

for Intervenor-Appellee

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1}     Respondent Hamood Ur-Rehman Malik, a/k/a/ Hamood Malik, (Husband), a self-represented litigant, is challenging multiple orders on appeal, including: the September 30, 2016 order permitting the New Mexico Human Services Department, Child Support Enforcement Division (HSD) to intervene; the October 17, 2016 order that he must pay Petitioner Sara Hamood's (Wife's) former counsel, Sutin Thayer & Browne (the Sutin Firm), $20,000 in attorney fees, plus costs; and the November 21, 2016 order that he shall give Wife a car or $5,000. [DS 19, 21; *see also* 4 RP 939-40, 945-46, 952, 968-70] Additionally, in his informal docketing statement, Husband argued that the district court erred in refusing to grant him sole custody of his son; the district court made a mistake in determining the amount of child support awarded; the district court erred in determining that property was community property; the district court erred in awarding spousal support; and the district court was biased against him. [DS 22-27, 31] Having considered each of these issues, this Court issued a notice of proposed summary disposition, in which we proposed to dismiss in part and affirm in part.

{2}     HSD filed a timely memorandum in support of our notice of proposed disposition. Husband filed a timely informal memorandum in opposition to the proposed disposition, which contained excerpts of various documents relied upon by Husband, along with numerous attachments. After the time allowed for filing a memorandum in response to our notice of proposed disposition, Husband filed an addendum to his memorandum in opposition along with more attachments. This Court cannot, and therefore did not, consider the attachments and excerpts of documents that Husband relied upon that were not contained in the record proper. *See In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and counsel should not refer to matters not of record in their briefs."); *Jemko, Inc. v. Liaghat*, 1987-NMCA-069, ¶ 22, 106 N.M. 50, 738 P.2d 922 ("It is improper to attach to a brief documents which are not part of the record on appeal.").

**Finality**

{3}     In our notice of proposed disposition, we explained that this Court does not have jurisdiction to review non-final orders. [CN 3-4] After reviewing the relevant orders, we proposed to conclude that the orders related to HSD's intervention, the attorney fees, and the car are final, appealable orders. [CN 4] However, we suggested that the orders related to child custody, child support, property division, and spousal support are not final, and we proposed to dismiss the appeal as it pertains to these

issues. [CN 4] *See Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 ("The general rule in New Mexico for determining the finality of a judgment is that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." (internal quotation marks and citation omitted)).

**Child Custody, Child Support, Property Division, and Spousal Support**

{4}      In response to our notice of proposed dismissal, and relevant to the child custody issue, Husband asserts that, pursuant to a court order entered on December 5, 2016, the district court awarded sole custody of his son to Wife; "[t]he judge mentioned in that court order that another hearing would be scheduled if husband requested custody"; and "[t]he judge is basically playing games and trying to look fair to cover up her fraudulent and illegal activities." [Addendum MIO 2] Husband proceeds to argue why he believes the district court erred in awarding Wife sole custody of their son. [Addendum MIO 2-10] Notably, Husband does not point out specific errors in fact or law with our proposed dismissal of this part of the appeal. [*See generally* Addendum MIO 2-10] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Indeed, Husband does not contend that the child

custody order from which he seeks to appeal is a final order. [*See generally* Addendum MIO 2-10]

{5} Neither the memorandum in opposition nor the addendum to the memorandum in opposition address our proposed dismissal of the appeal as it pertains to child support, property division, and spousal support. [*See generally* MIO & Addendum MIO] Accordingly, these issues are deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

**HSD Intervention**

{6} In our notice of proposed summary disposition, we discussed permissive intervention under Rule 1-024(B)(1) NMRA, which provides for permissive intervention "when a statute confers a conditional right to intervene[.]" [*See* CN 4] We noted that HSD moved for permission to intervene as a party to this case pursuant to NMSA 1978, Section 27-2-27 (2004), which provides that HSD is the single state agency for the State of New Mexico to bring an action to establish support orders for children who are or have been receiving public assistance and for non-aid families with dependent children. [CN 4 (citing 4 RP 935)] We further noted that, according to the motion, Wife had applied for services from HSD, and on these bases, HSD

moved to intervene and was granted permission to intervene. [CN 4-5 (citing 4 RP 935-36, 939-40)] We proposed to affirm the order permitting HSD to intervene, because we were not convinced that Husband had demonstrated error. [CN 5]

**{7}** In response, Husband asserts that prior to HSD filing its motion to intervene, he received a telephone call from Jennifer Romero from child support enforcement division (CSED) regarding the motion; Ms. Romero asked Husband for his position on the motion; Husband told Ms. Romero that he opposed the intervention; nevertheless, HSD stated in its motion that Husband had agreed with the intervention, which he claims "was a blatant lie"; "HSD bypassed the hearing on this motion by falsifying information"; the district court granted the motion to intervene on September 30, 2016, without holding a hearing; and Husband filed an objection to the intervention "which unfortunately didn't get filed until 10/24/2016." [Addendum MIO 8] Husband asks this Court to "stop the intervention by HSD[.]" [Addendum MIO 8; *see also* id. 10]

**{8}** Even if Husband had not agreed with HSD's motion to intervene, the district court was still permitted to grant the intervention under Rule 1-024(B)(1). Therefore, we remain unpersuaded that the district court erred in granting HSD's motion to intervene.

**Attorney Fees and Car**

{9} In our notice of proposed disposition, we noted that the district court entered an order on September 23, 2015, adopting the stipulated settlement of all post-decree issues. [CN 5 (citing 4 RP 830-34)] According to the order, Husband agreed to pay the sum of $10,000 in attorney fees to Wife's former counsel—the Sutin Firm, namely Michael Golden—on or before October 1, 2016, and he agreed that if such payment was not timely made, the Sutin Firm would be entitled to judgment against him in the sum of $20,000 plus costs. [CN 5 (citing 4 RP 831 (¶ 3), 945 (¶ 2))] Also, pursuant to that order, "Husband agreed to 'purchase Wife a reliable car for up to $5,000 within 30 days[,]' and he agreed that he would be responsible 'for reasonable maintenance of the vehicle' for sixty days." [CN 5-6 (citing 4 RP 832 (¶ 6))]

{10} In his docketing statement, Husband claimed that the September 23, 2015 order is inconsistent with the terms agreed upon on September 10, 2015, particularly with regard to the "total support" amount and attorney fees. [DS 20; *see also* CN 6] He further claimed that the order was based on mistake or fraud, because he did not sign the last page; rather, the district court attached a Xerox copy of his signature from the September 10, 2015 agreement. [DS 20-21, 27-29, 31; *see also* CN 6] In our notice of proposed disposition, we stated that it did not appear that Husband was claiming that the September 10, 2015 agreement was fraudulent, and he was not disputing that

he agreed to provide Wife with a reliable car. [CN 6 (citing DS 20)] Therefore, we stated that we were not convinced that the district court erred in entering its orders regarding the car. [CN 6] We also proposed to conclude that the district court did not err in entering a $20,000 judgment, plus costs, against Husband, and in favor of the Sutin Law Firm, because Husband had failed to comply with an order entered on April 1, 2015, in which the district court awarded interim attorney fees to Wife in the amount of $20,000. [CN 7 (citing 2 RP 333 (¶ 14); *see also* 2 RP 240 (SEALED DOCUMENT), 334 (¶ 18), 335)]

{11} In response, Husband clarified that he is "definitely claiming that the settlement agreement was fraudulent." [MIO 2] In support of this assertion, he refers to an email with a recommended settlement agreement, dated March 18, 2015, and an excerpt from a document with a footer indicating that the document is the post decree stipulated settlement. [MIO 2-3] Although Husband acknowledges that the September 23, 2015 order provides that he is required to pay Mr. Golden attorney fees, Husband contests that he agreed to pay these fees to attorney Golden. [MIO 4] According to Husband, the district court judge accepted a bribe from Wife and Mr. Golden; the judge "ruled in a biased manner for her own monetary gains"; the district court judge and Mr. Golden "changed the agreement"; and Mr. Golden committed fraud with respect to unpaid billing amounts, by suppressing key evidence, by preventing critical

witnesses from testifying, by submitting fabricated documents to the court, and by training witnesses to lie under oath. [MIO 5, 11-14] In support of the bribery allegations, Husband submitted affidavits from the parties' family members that we did not consider. [MIO 6] The "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19. Therefore, this Court will not consider a party's new factual assertions on appeal. *See id.*

**{12}** While we understand that Husband is arguing that the September 23, 2015 order was fraudulent due to alleged misconduct committed by the judge, Wife, and Wife's attorney, we are not persuaded. Based on our review of the September 23, 2015 settlement agreement in the record proper, the order is entitled "Order Adopting Stipulated Settlement of All Post-Decree Issues"; it includes five pages; at the bottom of each page, there is a footer that states "Order on Post Decree Stipulated Settlement"; and the last page, with the same footer, includes Husband's signature that was notarized. [4 RP 830-34]

**{13}** The October 17, 2016 judgment—requiring Husband to pay Wife's former counsel $20,000 in attorney fees, plus costs and that is the subject of this appeal—is based on September 23, 2015 settlement agreement that was signed by Husband and

9

notarized. [4 RP 945] Therefore, Husband's remaining arguments regarding the attorney fees issue are not persuasive. [MIO 7-20]

**{14}** With respect to the car, Husband continues to argue that the September 23, 2015 order was fraudulent. [MIO 20-21] For the reasons discussed above, we are not convinced.

**Judicial Bias**

**{15}** In his docketing statement, Husband argued that the district court judge was biased against him because she yelled at him and "made every single ruling against [him] and ignored [his] requests for hearings." [DS 20-21, 25-26, 28, 31] We proposed to conclude that Husband's assertions were insufficient to substantiate his claims of judicial bias. [CN 7-8] *See United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶¶ 424-25, 96 N.M. 155, 629 P.2d 231 (stating that adverse rulings and criticism of counsel by the court do not demonstrate bias); *State v. Fernandez*, 1994-NMCA-056, ¶ 21, 117 N.M. 673, 875 P.2d 1104 ("The mere fact that a judge has consistently ruled for or against one party cannot, standing alone, provide a basis for a finding of judicial bias."). In response, Husband maintains that the judge was biased against him, and he asserts that this should be "apparent based on her accepting the bribe[.]" [MIO 21] Husband's allegations that the judge was bribed are not supported by the court record, and therefore, we are not persuaded. *See State v.*

*Gonzales*, 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355 ("It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case. Fact-finding is the task of the trial judge or the jury. Our role is to determine whether the lower court has applied the law properly.").

{16}    For the reasons stated in our notice of proposed disposition and herein, we dismiss the appeal as it pertains to child custody, child support, property division, and spousal support because these issues are not final, and we affirm the remaining issues raised on appeal. Furthermore, we note that Husband filed an emergency motion to stay the district court's order pertaining to attorney fees pending appeal. Given our affirmance of the award of attorney fees, the motion is DENIED.

{17}    **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**JULIE J. VARGAS, Judge**

11