This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38216**

**WILLIAM DAVIS,**

Plaintiff-Appellant,

v.

**BOARD OF EDUCATION OF
LAS CRUCES PUBLIC SCHOOLS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Marcie E. Beyer, District Judge**

The Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Walsh Gallegos Trevino Russo & Kyle, P.C.
Barry J. Berenberg
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff contends that the district court erred, on reconsideration, granting Defendant's motion to compel arbitration, finding that the arbitration clause at issue (the Agreement) was enforceable. In this Court's notice of proposed disposition, we proposed to affirm. Plaintiff filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Plaintiff has reasserted the arguments from his response in opposition to Defendant's motion to reconsider. Namely, Plaintiff continues to argue that the "Right to Injunction" clause of the Agreement "carves out an exception" to the Agreement's arbitration clause that allows Defendant access to the district court. [MIO 3] Plaintiff additionally argues that this Court's notice of proposed disposition improperly "writ[es] in[to the Agreement] an implied obligation on behalf of . . . Defendant to only seek injunctive relief in arbitration." [MIO 2] We disagree.

**{3}** As we stated in our notice of proposed disposition, the explicit language of the Agreement wrote such an obligation into the Agreement in its requirement that *both* parties arbitrate "any controversies arising out of the terms of the Agreement or its interpretation." [CN 3-4] Though the "Right to Injunction" clause did specifically name certain equitable *remedies* available to Defendant in addition to monetary damages [CN 2], the plain language of the clause is to make these remedies available based on the nature of the services to be provided by Plaintiff and it does not carve out an exception for Defendant to seek these equitable remedies in a non-arbitral forum. *See McMillan v. Allstate Indem. Co.*, 2004-NMSC-002, ¶ 10, 135 N.M. 17, 84 P.3d 65 ("Courts must interpret the provisions of an arbitration agreement according to the rules of contract law and apply the plain meaning of the contract language in order to give effect to the parties' agreement."); *see also Rivera v. Am. Gen. Fin. Servs.*, 2011-NMSC-033, ¶ 51, 150 N.M. 398, 259 P.3d  (explaining that an agreement to arbitrate only changes the forum from judicial to arbitral). As such, we are unpersuaded by Plaintiff's argument that this Court rewrote the Agreement when we proposed to conclude that the Agreement requires both parties to submit any and all of their claims to the arbitral forum. [CN 3-4] *See Pub. Serv. Co. of N.M. v. Diamond D. Const. Co.*, 2001-NMCA-082, ¶ 19, 131 N.M. 100, 33 P.3d 651 ("We will not interpret a contract such that our interpretation of a particular clause or provision will annul other parts of the document, unless there is no other reasonable interpretation.").

**{4}** The "Right to Injunction" clause is not facially one-sided and, therefore, does not render the Agreement substantively unconscionable. *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 25, 146 N.M. 256, 208 P.3d 901 ("Contract provisions that unreasonably benefit one party over another are substantively unconscionable."). To the extent Plaintiff asks this Court to further interpret the "Right to Injunction" clause [MIO 3], we note that the Agreement delegates "any controversies" arising out of the Agreement's interpretation to an arbiter. Additionally, we reject Plaintiff's invitation to consider a separate litigation from 2011 and involving Defendant. [MIO 2; MIO Ex. A] Plaintiff did not present this information to the district court and it is inappropriate for this Court's consideration. *See In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and counsel should not refer to matters not of record[.]").

**{5}** Plaintiff has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must

come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons discussed above and in our notice of proposed disposition and herein, we therefore conclude the district court did not err in granting Defendant's second motion to compel arbitration on reconsideration. For the foregoing reasons, we affirm.

**{6}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**