This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39879**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CARICIA LORENA CEBALLOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez & Associates
Patrick J. Martinez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Defendant Caricia Ceballos appeals her conviction for child abuse resulting in great bodily harm (NMSA 1978, § 30-6-1(E) (2009)) on the sole ground that the district court erred in denying her motion to suppress statements she made to the police. We affirm.

**DISCUSSION**

**{2}** Las Cruces Police Department detectives conducted two recorded interviews of Defendant—one on January 17, 2018, and one on January 19, 2018. Prior to Defendant's three-day trial, Defendant moved to suppress these statements, arguing that she had not knowingly, intelligently, and voluntarily waived her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), before being interviewed. In response, the State admitted Defendant had not been read her *Miranda* rights, but argued she was not entitled to such an advisement because she was not in custody for *Miranda* purposes. The district court agreed with the State and denied Defendant's motion.

**{3}** An approximately fifteen-minute portion of Defendant's January 19, 2018, interview was admitted into evidence and played for the jury at trial. The jury found Defendant guilty of child abuse resulting in great bodily harm, and she was sentenced accordingly. Defendant now appeals, contending that the district court erred by concluding she was not in custody when she made her statements. For the reasons that follow, Defendant does not persuade us of error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (explaining that "it is [the d]efendant's burden on appeal to demonstrate any claimed error below" given the presumption of correctness we accord the district court's rulings).

**{4}** The right to be given *Miranda* warnings arises only when the suspect is in "custody," and the questioning rises to the legal definition of an "interrogation." *State v. Widmer*, 2020-NMSC-007, ¶ 13, 461 P.3d 881. The dispute here is limited to whether Defendant was in custody when questioned by police on January 19, 2018.[1] "Custody is defined as either (1) a formal arrest, or (2) a restraint on freedom of movement of the degree associated with a formal arrest." *State v. McNeal*, 2008-NMCA-004, ¶ 10, 143 N.M. 239, 175 P.3d 333 (internal quotation marks and citation omitted). Viewing the evidence in the light most favorable to the State, we review the district court's legal determination that Defendant was not in custody de novo. *See Widmer*, 2020-NMSC-007, ¶ 11; *State v. Nieto*, 2000-NMSC-031, ¶ 19, 129 N.M. 688, 12 P.3d 442.

**{5}** Defendant relies on *State v. Atencio*, 2021-NMCA-061, *cert. granted* (S-1-SC-38869, Nov. 5, 2021), and *State v. Olivas*, 2011-NMCA-030, 149 N.M. 498, 252 P.3d 772, to support her claim that the district court's conclusion that she was not in custody was erroneous. In *Atencio*, this Court cited several factors in concluding that the

---

[1] Defendant does not maintain that any of her statements from the January 17, 2018, interview were admitted into evidence at trial and it appears they were not. In light of these statements not being admitted at Defendant's trial, we do not see how any error with respect to the January 17, 2018, interview could be reversible. *See State v. Tollardo*, 2012-NMSC-008, ¶¶ 28, 36, 275 P.3d 110 (providing that "a constitutional error is harmless when there is no reasonable possibility it affected the verdict" and that harmless errors do not result in automatic reversal (alteration, emphasis, internal quotation marks, and citation omitted)). We therefore decline to consider the January 17, 2018, interview. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions."). We additionally note that Defendant argues on appeal that her "*Miranda* warnings were inadequate to allow her to knowingly, voluntarily, and intelligently waive[] her rights." But the State conceded below that Defendant never received any *Miranda* warnings, and the district court's denial of Defendant's motion to suppress was predicated on its determination that no *Miranda* advisement was needed because Defendant was not in custody. We accordingly do not address Defendant's argument that any purported warnings were inadequate.

defendant was in custody during his questioning, including that the defendant was "never told . . . that he was not under arrest, nor that he could leave, or terminate the interview at any time" and that he was patted down for weapons after asking for a lawyer. 2021-NMCA-061, ¶¶ 24, 26. Similarly, in *Olivas*, in holding that the defendant was in custody for purposes of *Miranda*, this Court emphasized that the defendant was handcuffed and transported to the interview location, notwithstanding his willingness to submit to questioning, and found it "significant" that the officers who transported the defendant to the interview location "never informed [the d]efendant that he was not under arrest or that he was free to terminate the encounter at any time." 2011-NMCA-030, ¶ 12. Additionally, officers at the interview never told the defendant "that he was not under arrest, that he was free to leave the room if needed, or that he could terminate the interview by choice." *Id.* ¶ 15.

**{6}**     On appeal, Defendant contends that her case is similar to *Atencio* and *Olivas* because, according to her, she "was not told that she was free to leave . . . and she could cease the interview at any time" during her January 19, 2018, interview with detectives.[2] In support of this contention, Defendant cites State's Exhibit 2B—the full recording of the January 19, 2018, interview that was entered into evidence at Defendant's suppression hearing. State's Exhibit 2B, however, is not part of the record on appeal because appellate counsel for Defendant has failed to ensure the record is complete.[3] *See State v. Padilla*, 1980-NMCA-141, ¶ 7, 95 N.M. 86, 619 P.2d 190 ("It is [the] defendant's burden to bring up a record sufficient for review of the issues [they] raise[] on appeal."). Under such circumstances, we "assume[] that the missing portions [of the record] would support the trial court's determination." *State v. Doe*, 1985-NMCA-065, ¶ 23, 103 N.M. 233, 704 P.2d 1109. We thus assume, for purposes of our analysis, that, during the January 19, 2018, interview, Defendant was informed by detectives that she was free to leave and could end the interview at any time. *See id.* (assuming that the missing testimony supported the trial court's decision).

**{7}**     Viewing the record as such, and noting the record is otherwise clear that Defendant voluntarily transported herself to and from the January 19, 2018, interview and was not handcuffed during this interview, as well as Defendant's concession that she was not patted down for weapons, we find Defendant's argument not well taken.

---

2At another point in her brief in chief, Defendant makes the contrary contention that "she was told that she could leave or terminate the interview at any time." As we discuss, because the recording of the January 19, 2018, interview was not made part of the record, we cannot confirm which of Defendant's contentions is accurate and we therefore must view the record in favor of the district court's ruling. *See State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the trial court's judgment." (alteration, internal quotation marks, and citation omitted)).
3All that appears in the record of Defendant's two interviews is the fifteen-minute excerpt of Defendant's second interview on January 19, 2018, that was admitted into evidence at trial as State's Exhibit 1. From the suppression hearing, we learn that this interview lasted a little over two hours. Although appellate counsel mentions in the brief in chief that he could not obtain State's Exhibit 2B from the district court, he does not explain why the exhibit could not be obtained from the State or Defendant's trial counsel. *See State v. Doe*, 1985-NMCA-065, ¶ 23, 103 N.M. 233, 704 P.2d 1109 ("[E]ven though it is the [district] court clerk's obligation to transmit the [record], this does not alter the general rule that the burden is on [the] appellant to insure that this Court has a record adequate to review the issues.").

Numerous cases have held that an interrogation was noncustodial under the circumstances presented here. *See Nieto*, 2000-NMSC-031, ¶ 21 (affirming the district court's ruling that the interview was noncustodial where the defendant "was asked and agreed to accompany officers to the station, was free to leave or terminate the interview, and was provided transportation to and from the station"); *State v. Wilson*, 2011-NMSC-001, ¶ 49, 149 N.M. 273, 248 P.3d 315 (holding that the record did not support a conclusion that the defendant was in custody where the defendant voluntarily arrived at the police station for a second interview and "was told explicitly that he was not under arrest, he was free to leave at any point, and that he was under no obligation to speak with law enforcement"), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110; *State v. Munoz*, 1998-NMSC-048, ¶ 43, 126 N.M. 535, 972 P.2d 847 (holding that the defendant was not in custody where he was not handcuffed and was "told . . . he did not have to come with [the agents], he did not have to answer any of their questions or talk to them, he would not be under arrest, he could leave at any time, and they would bring him back home"); *State v. Bravo*, 2006-NMCA-019, ¶¶ 12-13, 139 N.M. 93, 128 P.3d 1070 (affirming the district court's conclusion that the defendant was not in custody during a two hour interview where the defendant arrived at the police station in her own vehicle and "was never placed in handcuffs or told she was under arrest"). Defendant directs us to no authority, nor have we found any, to support a determination of custody where, as here, a defendant voluntarily arrives at the interview, is not handcuffed or patted down for weapons, and is told they can end the interview and leave at any time.[4] *See State v. Nysus*, 2001-NMCA-102, ¶ 30, 131 N.M. 338, 35 P.3d 993 ("When an appellant cites no authority to support a specific proposition, the appellate court presumes that no supporting authority exists."). We, therefore, hold the district court did not err by concluding that Defendant was not in custody for *Miranda* purposes.

**CONCLUSION**

{8}     For the foregoing reasons, we affirm.

{9}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

---

[4]To the extent Defendant relies on various "environmental aspects," *Nieto*, 2000-NMSC-031, ¶ 21, surrounding her interview for her contention that she was in custody, we are unable to consider these aspects given Defendant's reference to matters outside the record, including the full recording of the January 19, 2018, interview. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."); *In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and counsel should not refer to matters not of record in their briefs.").

**ZACHARY A. IVES, Judge**