This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41723**

**JOHN BALL and ANGELA BALL,**

      Plaintiffs-Appellants,

v.

**RONALD RODRIGUEZ,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Court Judge**

John Ball
Angela Ball
Belen, NM

Pro Se Appellants

Business Law Southwest, LLC
Alicia M. LaPado
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}**    Plaintiffs contend on appeal that the district court erred in granting judgment in favor of Defendant in the amount of $12,000. In this Court's notice of proposed disposition, we proposed to summarily affirm. Plaintiffs then filed a memorandum in opposition, and Defendants filed a memorandum in support, both of which we have duly considered. We remain unpersuaded that Plaintiffs have shown error on appeal. We therefore affirm the ruling of the district court.

**{2}**     Plaintiffs' memorandum in opposition reasserts without elaboration their claims that the evidence was insufficient to establish the mobile home's fair market value and that the mobile home was permanently affixed to the property. [MIO 2-3]  However, in our calendar notice, we explained that it was Plaintiffs' duty to provide this Court with the facts, argument, and information necessary to address and understand their appellate arguments, and we proposed to affirm based on their failure to provide this information unless their memorandum in opposition provided the relevant facts and authority demonstrating error. [CN 3-4] Plaintiffs' response has not provided the requested information, nor have they asserted any facts, law, or argument in their memorandum in opposition that persuades this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}**     We recognize that Plaintiffs have attached documents to their memorandum in opposition that Plaintiffs believe support their claims with regard to the mobile home's value and movability. It is unclear from the memorandum in opposition if these documents were submitted to the district court. However, as we noted in our notice of proposed disposition, it was for the district court to resolve any conflicts in the evidence and we will not reweigh the evidence on appeal. [CN 5] *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (noting that we do not reweigh the evidence or substitute our judgment for that of the fact-finder). And, if these documents were not submitted to the district court, we cannot consider them on appeal. *See In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and [parties] should not refer to matters not of record in their briefs."); *Jemko, Inc. v. Liaghat*, 1987-NMCA-069, ¶ 22, 106 N.M. 50, 738 P.2d 922 ("It is improper to attach to a brief documents which are not part of the record on appeal.").

**{4}**     Plaintiffs' memorandum in opposition lastly argues that the district judge "never put in place how we would get title when everything was paid off." [MIO 3] We do not understand this claim to raise an independent basis for appeal of the district court's judgment. To the extent Plaintiffs do seek to amend their docketing statement to include this issue, we deny any such motion because Plaintiffs do not allege any injury or controversy at this time that is ripe for review. *See State v. Moore*, 1989-NMCA-073, ¶ 45, 109 N.M. 119, 782 P.2d 91 ("[W]e should deny motions to amend that raise issues that are not viable."), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *cf. Hall v. Hall*, 1992-NMCA-097, ¶ 38, 114 N.M. 378, 838 P.2d 1995 (noting that a court has jurisdiction post-judgment to enforce a judgment).

**{5}** Plaintiffs' have not otherwise asserted any facts, law, or argument in their memorandum in opposition that persuades this Court that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**